SARAH E. VAN SYCKEL

*v.*

PHINEAS B. VAN SYCKEL et al.

A devise to A., and at his death to his wife, applies only to the person who was his wife at the date of the execution of the will, and does not extend to a wife taken subsequently thereto.

On petition to be admitted as a party, and for relief &c., and order to show cause.

*Mr. Martin Wyckoff,* for the petitioner.

*Mr. John A. Bullock,* for the respondents.

GREEN, V. C.

John Van Syckel, late of the county of Hunterdon, deceased, in and by his last will and testament made provision for his son Elijah for life, hereinafter set out in full.

At the date of the will and death of the testator, Elijah had a wife living named Hannah Van Syckel. After the death of the testator, Hannah Van Syckel died and Elijah afterwards married the petitioner, Sarah E. Van Syckel, and afterwards Elijah died. The provision of the will is as follows:

"I give and devise unto Bennett Van Syckel and Joseph Van Syckel sons of my brother Aaron and John Van Syckel my grand-son (trustees) and the survivors and survivor of them, all that portion of the farm, whereon I now live, which lies on the side of the public road leading from the Baptist Church to the bridge over Big Brook near my house and on the north side of said Big

Brook after it leaves said bridge, containing about ninety-two acres of land. And also that lot of woodland lying in the Township of Bethlehem adjoining land of William Martin and others, and containing forty acres of land more or less for and during the lifetime of my son Elijah Van Syckel, in trust nevertheless, that the said trustees or the survivors or survivor of them will during the lifetime of my said son Elijah, permit him to occupy possess and enjoy the said farm of ninety-two acres more or less and receive the rents, issues and profits thereof. And that they or the survivors or survivor of them will permit the said Elijah to take from said wood lot as many rails from time to time as may be necessary to keep the said farm in good fence and as much fire wood as he may need for family use, but it is my express will that the said Elijah shall have no control whatever over said farm and wood lot, except such as said trustees shall give him, and have no right or power of disposition, or of incumbering the said farm or wood lot; and at the death of my said son Elijah, I give and devise the said farm and wood lot to the children and wife of my said son Elijah share and share alike; that is to say, each child to have the same share as the wife, the legal representatives of a deceased child to take the parents share."

The real estate limited over was sold for $5,276,22, and the amount of the purchase-money paid into court.

John Van Syckel, a son of Elijah Van Syckel, was declared a bankrupt, and his interest in the devise was sold to George A. Allen, who is since deceased; Mary B. Allen, Charles W. Allen, Alexander B. Allen and Edward B. Allen being entitled to any interest which the said George A. Allen, deceased, acquired by the purchase of the said bankrupt's interest. The surviving children of Elijah Van Syckel and the children of any child who had died, with the Allens, applied to this court for an order for the payment to them of the fund in court, and an order was made directing said payment, which has been made in pursuance thereof.

Sarah E. Van Syckel, the widow of Elijah, thereupon filed this petition, alleging that the said order had been improvidently made, and that the same was a fraud upon her rights, claiming that under the terms of the will before quoted she, as the wife of Elijah Van Syckel, was entitled to an equal share of the proceeds of the said land, and further that the Allens were not entitled to any portion thereof.

The question presented, therefore, is, whether she comes under the following provision of the will, namely, "And at the death

of my said son Elijah, I give and devise the said farm and wood lot to the children and wife of my said son Elijah, share and share alike," she not having been at the date of the will, or at the time of the death of the testator, the wife of Elijah, he having at that time another wife living, named Hannah. At the date of the will, the only person who answered the description "the wife of Elijah" was his then living wife Hannah, and her designation is as complete by the words used as if he had mentioned her by name.

The rule, as stated in *2 Wms. Exrs. (6th Am. ed.) 1104,* is as follows :

"A bequest by a husband to his 'beloved wife,' not mentioning her by name, applies exclusively to the individual who answers the description at the date of the will, and is not to be extended to an after-taken wife."

Referring to *Garret* v. *Kniblock, 1 Russ. & M. 629; 2 Rop. Leg. (2d Am. ed.) 1514.*

"A devise in trust to pay rents to F. for life and after his death leaving his wife surviving, to pay the rents to such wife. The person who was the wife at the date of the will died after the testator. Held, that a subsequently-taken wife was not entitled to the rents." *Firth* v. *Fieldler, 22 W. R. 622 ; Re Burrow's Trusts, 10 L. T. (N. S.) 184.*

A bequest of an annuity to testator's nephew for life, or until his bankruptcy or insolvency, and after his decease, bankruptcy or insolvency, to be paid to his wife for the personal support of herself, her husband and his children during the life of his nephew and his wife and the survivor of them ; and in case they or either of them should attempt to alienate the annuity, the trustees to be empowered to apply it towards the support of the children. The first wife of the nephew, to whom he was married before the date of the will, survived the testator, and the gift of the annuity was held not to extend to the widow of the nephew, who was his second wife. *Boreham* v. *Bignall, 8 Hare 131.*

A testator bequeathed moneys to trustees in trust for his daughter E. for her separate use, independent of her husband,

and after the death of E. to her husband for his life, with remainder to all and every the children of E. by her present or any future husband. After the testator's death, E.'s husband died and she married again. E. died, leaving her second husband surviving. On a bill filed by him against the trustees of the will—held, that the benefit of the gift was confined to the husband living at the date of the will and the death of the testator, and did not extend to the second husband. *Franks* v. *Brooker, 29 L. J., Ch. 292, 27 Beav. 635.*

Counsel for petitioner seeks to take this case out of the rule thus laid down, on the authority of the case of *Swallow* v. *Swallow's Administrator, 12 C. E. Gr. 278*, and *In re Lynne, L. R., 8 Eq. 65*. In the first case the question arose as to the construction of the provision of a will, by which the testator ordered and directed that if either of his sons should die without leaving lawful issue, the widow of the decedent should receive one-third of the rents of the real estate devised to him by the will, so long as she should remain his widow. E., one of the testator's sons, died after the testator's death, leaving no lawful issue, but leaving a widow, the complainant. She, however, was not the wife of E. at the time of the making of the will or at testator's death. At both of these dates, E.'s first wife was living. The defendant insisted that the complainant was not entitled to the provision made for E.'s widow, but the chancellor (at *p. 280*) says: "I am of opinion that she is." Then, quoting the provision of the will above set out, says: "He evidently intended to provide, by the devise in question, that the decedent's widow should have an equivalent to her dower, notwithstanding the limitation over. It cannot, of course, be ascertained until the death should have occurred, who would answer the description—who would be the widow. The provision is not declared to be in favor of any person living at the date of the will; nor is the language employed to be so construed. The gift is not to the wife of the decedent, but to his widow, the person who should be his wife at the time of his death, and in terms distinguishes the case, on that account, from those above cited.

The case of *In re Lynne* would seem to favor the contention

of counsel, but, subsequently, in *Firth* v. *Fielder*, *22 W. R. 622*, in which the question arose on a devise to trustees to pay the rents to F. for life, and after his death, leaving his wife surviving, to pay the rents to such wife; the first wife of F., who was married at the date of the will, died after the testator's death, and F. married a second wife, who survived him.

*Re Lynne's Trusts* was relied on by counsel, but Jessel, M. R., following *Boreham* v. *Bignall, supra,* held that the gift of the rents was confined to the wife who was living at the date of the will, and refused to follow the case of *Re Lynne's Trusts.*

I am of opinion that, under the authorities, the petitioner took nothing under the will, and is not entitled to the relief asked, and, further, that she is not in a position to contest the payment to the representatives of George A. Allen.